**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ZACHARIA L. EDWARDS, MITCH MOSES, and VINCE McCLEAN, <br><br> Plaintiffs, <br><br> v. <br><br> USHER TERRY RAYMOND IV (p/k/a USHER), ARISTA RECORDS, INC. (n/k/a RCA RECORDS, INC.), ANDRE HARRIS, VIDAL DAVIS, JASON BOYD, RYAN TOBY, UNIVERSAL MUSIC CORPORATION (n/k/a UNIVERSAL MUSIC GROUP, INC.), DIRTY DRE MUSIC (d/b/a UNIVERSAL MUSIC GROUP, INC.), DOUBLE OH EIGHT (d/b/a UNIVERSAL MUSIC GROUP, INC.), POO B Z PUBLISHING, INC., HITCO MUSIC PUBLISHING, LLC, MUSIC OF WINDSWEPT, PLADIS MUSIC, INC., and EMI APRIL MUSIC, INC., <br><br> Defendants. | Case No. <br><br> **PLAINTIFFS DEMAND TRIAL BY JURY** |

## COMPLAINT

Plaintiffs, ZACHARIA L. EDWARDS, MITCH MOSES and VINCE McCLEAN (collectively referred to as "Plaintiffs"), by and through their attorney, Daniel J. Voelker of Voelker Litigation Group, complain against Defendants, USHER TERRY RAYMOND IV (p/k/a USHER), ARISTA RECORDS, INC. (n/k/a RCA RECORDS, INC.), ANDRE HARRIS, VIDAL DAVIS, JASON BOYD, RYAN TOBY, UNIVERSAL MUSIC CORPORATION (n/k/a UNIVERSAL MUSIC GROUP, INC.), DIRTY DRE MUSIC (d/b/a UNIVERSAL MUSIC GROUP, INC.), DOUBLE OH EIGHT (d/b/a UNIVERSAL MUSIC GROUP, INC.), POO B Z PUBLISHING, INC., HITCO MUSIC PUBLISHING, LLC, MUSIC OF WINDSWEPT,

PLADIS MUSIC, INC., and EMI APRIL MUSIC, INC. (collectively referred to as "Defendants"), as follows:

## I. JURISDICTION AND VENUE

1. This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331 and 1338. This Court has federal question jurisdiction in this matter in that Plaintiffs seek damages and injunctive relief against Defendants named herein under Sections 501 and 505 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

2. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3), 1391(c), 1391(d), and 1400(a) in that a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this District. In particular, on information and belief, the corporate Defendant, Arista Records, Inc. (n/k/a RCA Records, Inc.), among other things, carried (and carries) out substantial, ongoing business activities in this District, and hence is subject to personal jurisdiction and resides for venue purposes in this District, and a substantial part of Defendants' acts and omissions in exploiting the musical composition at issue that gives rise to Plaintiffs' claims for copyright infringement has and is occurring in this District as well.

## II. PARTIES

3. Plaintiff, Zacharia L. Edwards ("Edwards"), is an individual who resides in the County of New York, New York.

4. Plaintiff, Mitch Moses ("Moses"), is an individual who resides in the County of New York, New York.

5. Plaintiff, Vince McClean ("McClean"), is an individual who resides in the County of New York, New York.

6. Defendant, Usher Terry Raymond IV (p/k/a Usher) ("Usher"), is an individual and citizen of the State of Georgia, residing in the County of Fulton, Georgia.

7. Defendant, Arista Records, Inc. (n/k/a RCA Records, Inc.) ("Arista"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in New York, New York.

8. On information and belief, Defendant, Andre Harris ("Harris"), is an individual and citizen of the State of Pennsylvania, residing in Philadelphia, Pennsylvania.

9. On information and belief, Defendant, Vidal Davis ("Davis"), is an individual and citizen of the State of Pennsylvania, residing in Philadelphia, Pennsylvania.

10. On information and belief, Defendant, Jason Boyd ("Boyd"), is an individual and citizen of the State of Nevada, residing in Las Vegas, Nevada.

11. On information and belief, Defendant, Ryan Toby ("Toby"), is an individual and citizen of the State of California, residing in Venice Beach, California.

12. Defendant, Universal Music Corporation (n/k/a Universal Music Group, Inc.) ("Universal"), is a corporation organized and existing under the laws of the State of Delaware, with its principal places of business located in Santa Monica, California and New York, New York.

13. Defendant, Dirty Dre Music (d/b/a Universal Music Group, Inc.) ("DDM"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in New York, New York.

14. Defendant, Double Oh Eight (d/b/a Universal Music Group, Inc.) ("DO8"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in New York, New York.

15. Defendant, Poo B Z Publishing, Inc. ("PBZ"), is a dissolved corporation that was organized under the laws of the State of Georgia.

16. Defendant, Hitco Music Publishing, LLC ("Hitco"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Beverly Hills, California.

17. Defendant, Music of Windswept ("MW"), administered by Hitco, is a company with its principal place of business located in Beverly Hills, California.

18. Defendant, Pladis Music, Inc. ("PMI"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located in New York, New York.

19. Defendant, EMI April Music, Inc. ("EMI"), is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in New York, New York.

### III. FACTS COMMON TO ALL COUNTS

20. In 2002, Edwards, Moses and McClean created, composed, authored and wrote the original musical composition entitled "Caught Up," which consists wholly of original material. "Caught Up" was and is copyrightable under the laws of the United States. The application for the copyright registration of "Caught Up" was filed with the U.S. Copyright Office on or about May 15, 2012.

21. In approximately mid-October 2002, at the specific request of Michael Barackman, Senior Director of A&R at Arista, Plaintiffs scheduled a meeting with Barackman to play music for him that he might use in one of Arista's upcoming albums. (A true and correct

4

copy of Barackman's email to Moses, dated October 16, 2002, is attached hereto as Exhibit "A" and made a part hereof.)

22. In approximately mid-October 2002, Moses and McClean met with Barackman at Arista's Office in New York, New York. At the meeting, Moses and McClean played the musical composition "Caught Up" for Barackman.

23. Barackman liked the song so much that he specifically requested a copy of "Caught Up," as Barackman wanted to play the song for L.A. Reid and Mark Pitts of Arista who were, upon information and belief, looking for songs for Usher's upcoming album.

24. Per Barackman's request, Plaintiffs provided Barackman with a compact disc of several original songs, including, but not limited to, "Caught Up."

25. On information and belief, in approximately late 2002, Usher began working on his fourth studio album, "Confessions."

26. On or about March 23, 2004, Usher released the album "Confessions." "Confessions" was instantly popular and sold approximately 1.1 million copies in its first week.

27. On or about November 30, 2004, Usher released "Caught Up" as the fifth single from "Confessions." "Caught Up" peaked at Number Eight in the United States.

28. The album "Confessions" ultimately went on to sell over ten million copies in the United States and was certified Diamond by the Recording Industry Association of America.

29. On information and belief, Usher was aware of, participated in, and contributed to the exploitation of the musical composition "Caught Up" in the United States, including in this District, through sales of albums, CDs, digital downloads, radio and television airplay, and otherwise. On information and belief, Defendants have earned millions of dollars in revenue through their exploitation of "Caught Up," and continue currently up through the date of the

5

filing of this complaint, to actively exploit this work worldwide through sales of CDs, radio and television airplay, and otherwise.

30. On information and belief, Usher copied and incorporated substantial, original portions of Plaintiffs' song "Caught Up" in Usher's musical composition and sound recording, "Caught Up."

31. On or about March 23, 2004, Universal, DDM, DO8, PBZ, Hitco, Music of Windswept, PMI, and EMI copyrighted the musical composition entitled "Caught Up." The Certificate of Registration for "Caught Up" is identified as "PA0001248903/2004-11-12." The authorship on the application for words and music lists Harris, Davis, Boyd, and Toby.

32. Defendants' copying, duplication, use, performance, and exploitation of "Caught Up" in its composition and sound recording of "Caught Up" constitute infringement of Plaintiffs' copyright in the composition "Caught Up."

33. Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiffs' copyright. At a minimum, Defendants acted in reckless disregard of Plaintiffs' copyright.

34. On information and belief, each and all of Defendants earned and received millions of dollars and other valuable benefits and consideration from their copying and use of Plaintiffs' song "Caught Up" in Usher's musical composition and sound recording of "Caught Up" and in any other uses that may have been made thereof or authorized by Defendants.

35. Originally, in 2004, when Moses and McClean brought to some of Defendants' attention the fact that they believed that their musical composition "Caught Up" had been infringed by Defendants, a representative of Harris, Davis, Boyd and Toby threatened Moses and McClean that if they did not drop their claim of infringement of the song, they would do

6

everything in their power to prevent Plaintiffs from having any future success in the music business.

36. Both musical compositions at issue use the terms "Caught Up" to tell the same story; a man who is becoming so involved with a woman to become oblivious to the reality of the situation.

37. The themes of the two (2) musical compositions at issue are vastly similar and depict a man caught up in a lost love.

38. The two (2) musical compositions begin similarly, with each respective singer building the song and then leading into the first verse, which introduces the plot of the composition, a man caught up in lost love.

39. The two (2) musical compositions end their verses and lead into their respective choruses with similar lines. In Plaintiffs' musical composition of "Caught Up," the lyric is, "What could I do?" In Usher's musical composition of "Caught Up," the lyric is, "I can't figure out why."

40. The choruses of the two (2) musical compositions are similarly arranged. Both musical compositions have one line, followed by the phrase, "Caught Up," which is then followed by one line and the phrase, "Caught Up."

41. Midway through the chorus of each musical composition, the male singer is shocked by the state of his woman's grasp on him. Usher sings, "I can't believe it, but it seems she's got me twisted." Similarly, the male singer in Plaintiffs' musical composition of "Caught Up" sings, "I can't believe it."

42. The theme, melody, hook, lyrics, and chorus of the musical compositions are substantially similar.

7

43. The two (2) musical compositions end with similar lyrics expressing that the male singer is in a total state of confusion. In Plaintiffs' musical composition of "Caught Up," the composition ends with the lyric, "She's messing with my mind." Comparably, Usher's version of "Caught Up" ends with the lyric, "I'm losin' control, this girl's got a hold on me."

44. An ordinary lay observer could listen to the two (2) musical compositions at issue, and given the theme, melody, hook, lyrics, and chorus, reasonably find that the songs are substantially similar and that an infringement has occurred.

45. In fact, on a number of occasions, after hearing the two (2) musical compositions at issue, several individuals have informed Plaintiffs that, in their opinions, Defendants have copied Plaintiffs' musical composition.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

46. Plaintiffs repeat and reallege Paragraphs 1 through 45 as Paragraph 46 of Count I of the Complaint as though fully set forth herein.

47. Plaintiffs are, and at all material times hereto have been, owners of the copyright in the musical composition "Caught Up." As such, Plaintiffs are entitled and authorized to protect their composition against copyright infringement, including the enforcement of copyright actions.

48. Plaintiffs jointly created the original musical composition entitled "Caught Up."

49. Defendants did not contribute any original work to the musical composition "Caught Up," jointly created by Plaintiffs.

50. However, on information and belief, since at least 2004, Defendants infringed, and are continuing to infringe upon Plaintiffs' copyright in the composition "Caught Up," including by copying, reproducing, preparing, causing, contributing to, and participating in the

8

unauthorized copying, reproduction, and use of the musical composition "Caught Up" in Usher's composition and sound recording of "Caught Up" and causing the same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in this District.

51. Plaintiffs did not authorize Defendants to copy, reproduce, perform or use the composition "Caught Up" in Usher's composition or sound recording "Caught Up," or at all. Defendants did not seek or obtain any permission, consent or license from Plaintiffs for the copying, reproduction, performance or use of the composition "Caught Up" in the composition or sound record, "Caught Up," or in any uses thereof that were made or authorized by Defendants, or at all.

52. Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Plaintiffs' ownership of the musical composition "Caught Up." At a minimum, Defendants acted in reckless disregard of Plaintiffs' ownership and copyright.

53. As a result of their actions, Defendants are liable to Plaintiffs for willful copyright infringement under 17 U.S.C. Section 501. Plaintiffs suffered, and will continue to suffer, substantial damage to their professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiffs' actual damages, Plaintiffs are entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504.

54. Plaintiffs do not have an adequate remedy at law for Defendants' wrongful conduct in that: 1) Plaintiffs' copyright is unique and valuable property which has no readily determinable market value; 2) the infringement by Defendants constitutes an interference with

Plaintiffs' goodwill and professional reputation; and 3) Defendants' wrongful conduct, and the damages resulting to Plaintiffs therefrom, are continuing. Defendants' acts of copyright infringement have caused Plaintiffs irreparable injury, and Defendants threaten to continue to commit these acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, ZACHARIA L. EDWARDS, MITCH MOSES and VINCE McCLEAN, respectfully request judgment against Defendants, USHER TERRY RAYMOND IV (p/k/a USHER), ARISTA RECORDS, INC. (n/k/a RCA RECORDS, INC.), ANDRE HARRIS, VIDAL DAVIS, JASON BOYD, RYAN TOBY, UNIVERSAL MUSIC CORPORATION (n/k/a UNIVERSAL MUSIC GROUP, INC.), DIRTY DRE MUSIC (d/b/a UNIVERSAL MUSIC GROUP, INC.), DOUBLE OH EIGHT (d/b/a UNIVERSAL MUSIC GROUP, INC.), POO B Z PUBLISHING, INC., HITCO MUSIC PUBLISHING, LLC, MUSIC OF WINDSWEPT, PLADIS MUSIC, INC., and EMI APRIL MUSIC, INC., and each of them, jointly and severally as follows:

    1.    That the Court enter judgment against Defendants, Usher Terry Raymond IV (p/k/a Usher), Arista Records, Inc. (n/k/a RCA Records, Inc.), Andre Harris, Vidal Davis, Jason Boyd, Ryan Toby, Universal Music Corporation (n/k/a Universal Music Group, Inc.), Dirty Dre Music (d/b/a Universal Music Group, Inc.), Double Oh Eight (d/b/a Universal Music Group, Inc.), Poo B Z Publishing, Inc., Hitco Music Publishing, LLC, Music of Windswept, Pladis Music, Inc., and EMI April Music, Inc., and each of them, that Defendants have:

    a.    Infringed Plaintiffs' rights in the copyright in the composition "Caught Up" under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of them, was willful; and

  b.  Otherwise injured the business reputations and business of Plaintiffs through the acts and conduct set forth in this Complaint;

  2. For the damages suffered by Plaintiffs as a result of the infringement complained of herein, as well as disgorgement of any profits of Defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits and consideration derived by Defendants from and as a result of their infringement of Plaintiffs' copyright in "Caught Up;"

  3. That Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from falsely marketing, advertising, and promoting the song "Caught Up" as a song written by Defendants;

  4. That the Court enter an order pursuant to 15 U.S.C. Sections 503 and 509 mandating the impounding of all infringing copies of "Caught Up" and any other materials prepared by Defendants containing any copies of the musical composition "Caught Up" or any portion thereof;

  5. That the Court declare, adjudge, and decree that Defendants, and each of them, have been and are involuntarily and constructive trustees, holding the gross receipts from the copying, reproduction, performance and use of "Caught Up" to the extent attributable to "Caught Up" or their misuse of the protectable interests of Plaintiffs in "Caught Up," and that Defendants, and each of them, hold all such monies and funds on behalf of and subject to the first and prior lien against all others and in favor of Plaintiffs;

  6. That Defendants, and each of them, be required to account for and pay over to Plaintiffs all gains and profits derived by Defendants, and each of them, from or attributable to the production, broadcasting, licensing, distribution, sale or other exploitation of "Caught Up,"

or any other uses of all or part of that song, made or authorized by Defendants, or any of them, in any format, media or market, in connection with the composition and all sound recordings of "Caught Up;" and

      7.     For any and all other relief in favor of Plaintiffs as the Court deems just and appropriate under the circumstances.

                                          Respectfully submitted,

                                          **ZACHARIA L. EDWARDS, MITCH MOSES and VINCE McCLEAN,**
                                          Plaintiffs

                                          By: /s/ Daniel J. Voelker
                                                  One of Their Attorneys

Daniel J. Voelker, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
dvoelker@voelkerlitigationgroup.com
ARDC No. 6189578

Dated: September 7, 2012