```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

ZACHARIA L. EDWARDS, et al.,    )
                                )
            Plaintiffs,         )
                                )
   v.                           )    No.  12 C 7165
                                )
USHER TERRY RAYMOND IV, et al., )
                                )
            Defendants.         )
```

## MEMORANDUM ORDER

Universal Music Corp. ("Universal," mistakenly named in the Complaint as "Universal Music Corporation (n/k/a 'Universal Music Group, Inc.'"), one of the defendants in this multidefendant copyright infringement action, has filed its Answer to the Complaint. This memorandum order is issued sua sponte because Universal's pleading errors require a do-over of that Answer.

To begin with, the pleading fails to conform to the requirement of this District Court's LR 10.1, which is not just a technical provision, but rather has an obvious constructive purpose. Lead counsel is apparently a partner in the New York office of Jenner & Block, LLP, but that does not relieve her of the responsibility to become familiar with and comply with such local rules--and the error is particularly difficult to understand where, as here, Jenner & Block's principal office is in Chicago and one of the lawyers here has also signed onto the Answer.

Next, Answer ¶1 is simply wrong in stating that no response

is needed to Complaint ¶1 because "it states a legal conclusion." In that respect, see App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). So Answer ¶1 is stricken (with leave to plead over, of course).

Next, although the vast majority of the Complaint's allegations have been met with a minor variant of the disclaimer that gives rise to deemed denials under Fed. R. Civ. P. ("Rule") 8(b)(5), any affirmative defenses ("ADs") that Universal wishes to advance (see Rule 8(c)) must operate on the premise that the Complaint's allegations are true--see App'x ¶5 to <u>State Farm</u>. That being so, ADs (1), (2) and (4) are stricken. In addition, others among Universal's package of purported ADs are problematic:

    1. AD (3) simply picks several items from the laundry list set out in Rule 8(c) without providing any predicate for the assertion of the listed defenses. Federal pleading is notice pleading, to which defendants as well as plaintiffs ought to adhere, and a totally uninformative statement of a legal doctrine does not do the job. AD (3) is therefore also stricken, but without prejudice to the possible advancement of fleshed-out ADs that properly inform plaintiffs' counsel and this Court of Universal's contentions.

    2. Because Complaint ¶31 includes Universal among the

2

defendants who allegedly copyrighted the musical composition that is said to have infringed plaintiffs' copyright, AD (5) also needs fleshing out to explain Universal's asserted lack of complicity in the infringement.

    3.  ADs (6), (7) and (9) similarly require more explication to fit the concept of notice pleading.

    4.  That is true of ADs (7) and (9).

Because what has been set out here calls for a completely new responsive pleading rather than an amendment to the Answer, the entire existing Answer is stricken. Universal is ordered to file a self-contained Amended Answer (including any surviving ADs) on or before June 19, 2013.

In addition, no charge is to be made to Universal by its counsel for the added work and expense incurred in correcting counsel's errors. Universal's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers purely as an informational matter (not for filing).

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  June 5, 2013